IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SELAMAWIT TEKA,                    )
                                  )
      Plaintiff,                   )    CIVIL ACTION FILE NO.:
                                  )
v.                                )    _____
                                  )
RIVER HEIGHTS CAPITAL, LLC   )
                                  )
      Defendant.                   )    JURY TRIAL DEMANDED
_____)

## COMPLAINT FOR DAMAGES

NOW COMES, Plaintiff Selamawit Teka ("Teka" or "Plaintiff"), and brings this action against Defendant River Heights Capital, LLC  ("RHC") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"); and Georgia's Fair Business Practices Act ("FBPA"), OCGA §§ 10-1-391 *et seq.*

## INTRODUCTION

1.

Plaintiff Selamawit Teka is a consumer. After she fell behind paying on a consumer debt, Unifund CCR Partners ("Unifund) , a national debt buyer, purchased the debt.

2.

In 2005, Unifund filed a collection lawsuit in the Dekalb County State Court against Selamawit Teka which concluded with the entry of a default judgment entered against Teka in 2006.

3.

In 2006, Unifund filed for a Fi.Fa. to be issued against Selamawit Teka.

4.

In 2019, Unifund filed a garnishment action in the Gwinnett County Magistrate against Selamawit Teka and Branch Banking and Trust Company.

5.

Teka retained counsel to traverse the Gwinnett County garnishment citing that proper service was never made on Selamawit Teka in the 2005 action.

6.

On December 23, 2019, a Consent Order was signed, vacating and dismissing the action of Unifund CCR Partners, et al. v. Selamawit Teka.

7.

At some point, Unifund sold the debt to another national debt buyer, River Heights Capital, LLC ("RHC")

8.

In November 2023, RHC filed a garnishment action in the Gwinnett County Magistrate against Selamawit Teka and Truist Bank, citing the 2006 Fi.Fa. and Judgment entered in the Dekalb County State Court case, despite the fact the case had been dismissed and vacated by Judge's order in 2019.

9.

RHC unwarranted and unlawful actions caused financial harm and great emotional distress to Selamawit Teka.

## JURISDICTION AND VENUE

10.

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

11.

Venue is appropriate in the Northern District of Georgia because this is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

12.

Plaintiff Selamawit Teka a natural person who resides in Baltimore, Maryland.

13.

Plaintiff Selamawit Teka is a "consumer" as that term is defined by the FDCPA.

**Defendant River Heights Capital, LLC**

14.

Defendant River Heights Capital, LLC is a Wyoming limited liability company with principal place of business at 7302 Yellowstone Road, Cheyenne, WY 82009.

15.

Summons and Complaint may be served on Defendant RHC by service on its registered agent Richard C Slater at the registered address of 7302 Yellowstone Road, Cheyenne, WY 82009.

16.

Defendant RHC is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

17.

Defendant RHC used the mails and telephone system in connection with the prosecution of Plaintiff's alleged debt.

18.

Defendant RHC is a "debt collector" as that term is defined by the FDCPA.

19.

Defendant RHC does not maintain a place of business in Georgia.

20.

Defendant RHC does not keep assets in Georgia.

## RELEVANT FEDERAL AND STATE STATUTES

### Fair Debt Collection Practices Act

21.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

22.

Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

23.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

24.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

25.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

**Georgia's Fair Business Practices Act**

26.

The purpose of the FBPA is "to protect consumers and legitimate business

enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." OCGA § 10-1-391(a).

27.

A violation of the FDCPA also constitutes a violation of the FBPA. *1st Nationwide Collection Agency, Inc. v. Werner,* 288 Ga.App. 457 (2007); *Gilmore v. Account Management, Inc.*, 357 Fed.Appx. 218 (11th Cir. 2009).

## **FACTUAL ALLEGATIONS**

28.

Plaintiff defaulted on a Retail Installment Sales Contract with Citibank Universal Card Services, which was initially assigned to Unifund CCR Partners (the "Account").

29.

The Account was used for transactions incurred for personal, family or household purposes, and not for business purposes.

30.

Selamawit Teka and Unifund entered into Consent Order vacating and dismissing the case on or about December 20, 2019 (the "Consent Order").

31.

A true and correct copy of the Consent Order is attached hereto as Exhibit "A."

32.

Unifund ultimately sold the Account to Defendant RHC (the "Account").

33.

Defendant RHC filed a garnishment action on the Account against Plaintiff in the Magistrate Court of Gwinnett County, Georgia, in Civil Action File No. 23-GM-25720 on or about November 3, 2023 (the "Garnishment"), through its law firm, Roosen Varchetti & Olivier – GA , PLLC  (the "Law Firm").

34.

At all relevant times, the Law Firm was acting as the agent of Defendant RHC.

35.

Despite the fact that the action had been dismissed and vacated, Defendant RHC continued collection activities against Selamawit Teka.

**The Garnishment**

36.

On or about November 3, 2023, Defendant RHC filed a garnishment action against Plaintiff Teka in the Magistrate Court of Gwinnett County, Georgia, in Case No. 23-GM-25720 (the "Garnishment Action").

37.

A true and correct copy of the Summons of Garnishment is attached hereto as Exhibit "B".

38.

In the Garnishment Action, Defendant RHC's Law Firm filed an affidavit of continuing garnishment against Plaintiff on or about November 3, 2023 (the "Affidavit of Continuing Garnishment").

39.

A true and correct copy of the Affidavit of Continuing Garnishment is attached hereto as Exhibit "C."

40.

Attorney Cherice A. Tadday, an attorney in the Law Firm, acting on behalf of Defendant RHC, executed the Affidavit of Continuing Garnishment on November 3, 2023, and swore to the truth of the following:

2.      The Plaintiff obtained a judgment against Defendant in Case Number 05A36357120-1466CS in the State Court of DeKalb County, Georgia, . . .

3.      $4,707.80 is the balance due, which consists of the sum of $1,529.33 in principal, $507.53 in pre-judgment interest, $2,332.75 in post judgment interest, $228.69. in attorney's fees, $109.50 in costs (exclusive of this action).

4.  Upon the Affiant's personal knowledge or belief, the sum stated herein is unpaid.

41.

The Affidavit of Continuing Garnishment was false.

42.

At the time that Defendant RHC filed the Garnishment Action, Defendant RHC knew or should have known that the matter upon which their garnishment was based had been vacated.

43.

At the time that Ms. Tadday swore to the truth of the facts contained in the Affidavit of Continuing Garnishment and executed it, Plaintiff was not indebted to Defendant RHC in any amount.

44.

Notice of the Garnishment Action was received by Teka's mother at her address in Lithonia, Georgia, and was forwarded to Teka by her mother

45.

Plaintiff was shocked, angry and very upset when she learned of the Garnishment Action.

46.

Plaintiff was afraid that she would not be able to pay her living expenses if Plaintiff's bank accounts were garnished.

47.

On or about November 15, 2023, the Summons and Affidavit of Continuing Garnishment were served on Plaintiff's banking institution, Truist Bank.

48.

Plaintiff hired an attorney to defend herself against the Garnishment Action.

49.

On or about November 28, 2023, Plaintiff's attorney contacted Defendant's attorney and informed her of the order vacating the 2006 judgment.

50.

Plaintiff incurred attorney's fees in the amount of $1,000.00 to defend herself against the Garnishment Action that Defendant RHC filed.

51.

Due to the misspelling of the Plaintiff's name as "Sekamawh Teka" instead

of "Selamawit Teka" Defendant was not able to garnish any of Plaintiff's funds.

52.

Defendant RHC's collection activities after Plaintiff had the 2006 Judgment vacated caused Plaintiff financial damages and emotional distress.

53.

Plaintiff's financial damages included the expense of hiring an attorney to successfully defend the Garnishment Action.

54.

Plaintiff's emotional distress included but was not limited to fear, frustration, sleeplessness, worry, anger, embarrassment and anxiety.

## COUNT I

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

55.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

56.

At all relevant times, the Law Firm was acting as the agent of Defendant RHC.

57.

Defendant RHC is liable for the acts of its agent, the Law Firm, including but not limited to acts in violation of the FDCPA and FBPA.

58.

15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection the collection of a debt.

59.

Defendant RHC violated 15 U.S.C. § 1692d when it filed the Garnishment Action because Plaintiff was not indebted to Defendant RHC at that time.

60.

15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

61.

Defendant RHC violated 15 U.S.C. § 1692e when it filed the Garnishment Action because Plaintiff was not indebted to Defendant RHC at that time.

62.

15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

63.

Defendants RHC violated 15 U.S.C. § 1692e(2)(A) when it filed the Garnishment Action because Plaintiff was not indebted to Defendant RHC at that time.

64.

As a result of Defendant RHC's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees.

## COUNT II

## VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

65.

Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein and further states as follows:

66.

Defendant RHC's acts set forth above violated the Georgia Fair Business Practices Act ("FBPA").

67.

Defendant RHC's acts in violation of the FDCPA and FBPA were intentional.

68.

Pursuant to the FBPA, Defendant RHC is liable to Plaintiff for an award of treble and exemplary damages.

69.

Pursuant to the FBPA, Plaintiff is entitled to an award against Defendant RHC for reasonable attorney's fees and expenses of litigation.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff for:

## COUNT ONE (FDCPA)

a. an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. an award of actual damages pursuant to the FDCPA;

c. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. for such other and further relief as may be just and proper; and

## COUNT TWO (FBPA)

a. an award of treble and exemplary damages pursuant to the FBPA;

b. an award of costs of litigation and reasonable attorney's fees pursuant to the FPBA and Georgia law; and

c.  for such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted, August 20, 2024.

**HURT STOLZ, P.C.**

/s/ James W. Hurt, Jr.
By:  James W. Hurt, Jr.
Georgia Bar No.: 380104

1551 Jennings Mill Road, Unit 3100B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile (706) 996-2576
jhurt@hurtstolz.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing COMPLAINT FOR DAMAGES was prepared on a computer, using Times New Roman 14 point font.

Respectfully submitted, August 20, 2024.

**HURT STOLZ, P.C.**

/s/ James W. Hurt, Jr.
By:  James W. Hurt, Jr.
Georgia Bar No.: 380104

1551 Jennings Mill Road, Unit 3100B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile (706) 996-2576
jhurt@hurtstolz.com                **ATTORNEY FOR PLAINTIFF**